NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN C. STUART, | No. 22-16722 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00538-GMS-ESW |
| v. | |
| SHERRY K. STEPHENS; STATE OF ARIZONA; KEITH MUNSON; RICHMOND, First name unknown; named as Mrs./Ms. Richmond; JENNIFER RICHMOND, Librarian at Red Rock Private Prison; JENNIFER RYAN-TOUHILL, Judge at Maricopa County Superior Court; UNKNOWN PARTIES, named as John/Jane Does 1-99, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 21, 2024[**]

Before: FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Arizona state prisoner John C. Stuart appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Stuart's claims against defendants Stephens and Ryan-Touhill as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Stuart's claims would necessarily imply the invalidity of his conviction, and Stuart has not demonstrated that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

The district court properly dismissed Stuart's claims against defendants Munson and Richmond because Stuart failed to allege facts sufficient to show that either defendant denied Stuart access to the courts or retaliated against Stuart. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (explaining that an access-to-courts claim requires a plaintiff to show that defendants' conduct caused an actual injury to a nonfrivolous legal claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly dismissed Stuart's remaining claims because Stuart failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

We reject as meritless Stuart's contentions that the district court erred by failing to construe Stuart's action as a qui tam action or was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**